IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02069-M-RJ

| | |
|---|---|
| ANTWON DEVON PARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| | ) |
| Respondent. | ) |

On March 25, 2024, Antwon Devon Partin ("petitioner"), a state pretrial detainee, filed *pro se* what the court construed as a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. See [D.E. 1]. In response to an order of deficiency, Order [D.E. 3], petitioner timely filed a corrected petition on the forms prescribed for use by the court, Pet. [D.E. 4], and a motion seeking leave to proceed *in forma pauperis*, Mot. [D.E. 5].

The court now conducts its initial review of the corrected petition under 28 U.S.C. § 2243 and, for the following reasons, dismisses the action without prejudice.

Petitioner's Filings:

Petitioner asserts that he is awaiting trial in the Wake County Detention Center and challenges his pending state criminal charges. See Pet. [D.E. 4] at 1–2. As to whether he previously appealed, petitioner indicates that, between November 29, 2022, and March 14, 2024, he filed his first appeal to Senior Resident Superior Court Judge Paul C. Ridgway, but he has not received any result. Id. at 2. Petitioner also indicates he filed a "second appeal" to Judge Ridgway on April 21, 2023, but he again has not received any result. Id. at 3. Petitioner indicates he did not file a third appeal "because at the time [he] didn't know how or who to file an

appeal to. [He] thought Judge Ridgway was as high as [he] could go, but [he] kept filing more with him." Id. As to whether he filed other appeals, petitioner indicates he also filed a motion to compel, a motion to dismiss, and a motion for speedy trial with Judge Ridgway between November 29, 2022, and March 14, 2024, but he again received no result. Id. at 4.

As to his grounds for relief, petitioner states, *inter alia*: 1) he has been detained pretrial for 21 months and has demanded a speedy trial; 2) there is a fatal variance in the indictment; 3) police failed to conduct a proper investigation, collect evidence, or question eyewitnesses; and 4) the District Attorney has refused to release all Brady material and exculpatory evidence. Id. at 5–6.

For relief, petitioner states: "I want the court to have all charges dismissed without prejudice and proceed with a suit for violation of my constitutional rights [sic]." Id. at 7.

Petitioner's April 15, 2024, filings include, *inter alia*: an April 5, 2024, "memorandum" referencing attachments in support of his petition, Pet'r's' Mem. [D.E. 7] at 1; petitioner's June 5, 2023, *pro se* motion in the Wake County Superior Court, seeking dismissal of pending state criminal charges, Mem. Attach. [D.E. 7-1] at 1–2; a portion of petitioner's *pro se*, undated, self-styled "motion for exculpatory statement and evidence hearing" in the Wake County Superior Court, id. at 3; a portion of a December 20, 2022, letter from the Office of the Wake County Public Defender to petitioner regarding discovery, id. at 4; an August 8, 2023, letter from Judge Ridgway to an Assistant District Attorney regarding petitioner's *pro se* filings, id. at 5; a counseled March 14, 2023, motion in the Wake County Superior Court to modify petitioner's terms of pre-trial release, id. at 6–10; another April 5, 2024, "memorandum" referencing attachments in support of his petition, Pet'r's' Mem. [D.E. 8] at 1; petitioner's July 28, 2023, *pro se* "motion for a fair and speedy trial" in Wake County Superior Court, Mem. Attach. [D.E. 8-1] at 1; a March 28, 2024,

2

order from Judge Ridgway noting that, because petitioner is represented by counsel, he cannot file motions *pro se* or attempt to represent himself, id. at 2; what appears to be a certificate of service dated April 1, 2024, as to Judge Ridgway's March 28, 2024, order, id. at 3; a partial printout of a 2011 North Carolina Court of Appeals case addressing speedy trial matters, id. at 4–7; petitioner's July 28, 2023, affidavit in the Wake County Superior Court regarding his indigence, id. at 8–9; petitioner's undated, *pro se* letter to Judge Ridgway asserting violations of his Fifth, Eighth, and Fourteenth Amendment rights, id. at 10–11; and petitioner's undated, *pro se*, self-styled "Motion for Dismissal on Violation of Pretrial Release and Constitutional Violation and Discovery Violations, Motion to Compel Evidence [sic]" in the Wake County Superior Court, id. at 12–14.

Discussion:

A district court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Petitioner's claims alleging constitutional infirmities in ongoing state criminal proceedings plainly are unexhausted. Despite the absence of an explicit exhaustion requirement in the statutory language of § 2241, if issues raised in a pretrial detainee's petition may be resolved either by trial on the merits in the state court, or by other state procedures available to the petitioner, the pretrial detainee must exhaust these remedies to be eligible for § 2241 relief. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–92 (1973); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing]' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (citations and quotation marks omitted).

3

Only under "special circumstances" will a court find a detainee exhausted remedies before trial. Braden, 410 U.S. at 489; see Brazell v. Boyd, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. Apr. 5, 1993) (per curiam) (unpublished table decision) (noting that, "where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court[,] no special circumstance is shown." (citation omitted)).

Alleged Sixth Amendment speedy trial violations are not a "special circumstance" under Braden because the claim may be raised at trial and on direct appeal. See United States v. MacDonald, 435 U.S. 850, 863 (1978) (declining to permit interlocutory review of pretrial denial of defendant's speedy trial motion); see also Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) ("[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial"), cert. denied, 484 U.S. 956 (1987).

Here, although petitioner has filed various motions with Judge Ridgway, it is clear on the face of the petition that he did not exhaust his state-court remedies before filing this action and, because the court discerns no "special circumstances," petitioner is not entitled to the issuance of the writ for the purported constitutional infirmities in his ongoing state criminal proceedings. See Braden, 410 U.S. at 489 ("[N]othing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

Although petitioner also asks the court to intervene in his state criminal prosecution and to allow to proceed his claims regarding purported violations of his constitutional rights under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37, 43 (1971), the court must abstain from exercising jurisdiction if "(1) there is an ongoing state judicial proceeding brought prior to

4

substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); cf. Kugler v. Helfant, 421 U.S. 117, 124 (1975) (noting Younger doctrine exceptions).

Here, the court finds that Younger abstention is appropriate and no exception to the doctrine applies. See Nivens, 319 F.3d at 153.

Accordingly, because petitioner's claims either are unexhausted or merit abstention under the Younger doctrine, it is clear from the face of the petition that he is not entitled to the requested § 2241 habeas relief. See 28 U.S.C. § 2243 (providing courts need not seek a response when it is clear on the face of the petition that petitioner is not entitled to relief).

## Conclusion:

In sum, the court: DISMISSES WITHOUT PREJUDICE the instant § 2241 petition; DENIES AS MOOT the motion for leave to proceed *in forma pauperis* [D.E. 5]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 18th day of April, 2024.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

Case 5:24-hc-02069-M-RJ   Document 10   Filed 04/18/24   Page 5 of 5